UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 07 CR 805 |
| ) | Hon. Nan R. Nolan |
| ASHA VERMA ) | |

### ORDER OF DETENTION AND REMOVAL

THIS CAUSE has come to be heard upon the motion of the United States to remove the defendant to the Middle District of Pennsylvania, in the custody of the United States Marshal, pursuant to 18 U.S.C. § 3142. This Court, having reviewed and considered the evidence presented, as well as having heard argument on this matter on December 12, 2007, hereby finds as follows:

1. The defendant, along with eight co-defendants, has been charged in the U.S. District Court for the Middle District of Pennsylvania in a Criminal Complaint alleging that she violated 18 U.S.C. § 371 by conspiring to commit an offense to defraud the United States by operating to bring and attempt to bring unauthorized aliens into the United States, in violation of 8 U.S.C. § 1324.

2. The Court finds that the United States has carried its burden of showing the defendant is a serious risk of flight, *see* 18 U.S.C. § 3142(f)(2)(A), in that no condition or combination of conditions will reasonably assure the appearance of the defendant as required in future proceedings.

3. The Court further finds that the statutory factors enumerated in 18 U.S.C. § 3142(g) favor detention of the defendant. These factors are discussed below:

    (a) The nature and circumstances of the offense charged in the complaint favor detention. The charged offense alleges the unlawful bringing of unauthorized aliens into the United States, knowingly and in reckless disregard of the aliens' illegal status. 8 U.S.C. § 1324. The complaint alleges that the defendant was part of a conspiracy that appears to have had easy access to fraudulent passports, substantial amounts of cash, and connections in countries throughout the world, including India, the defendant's native country. The complaint alleges that the defendant is the girlfriend of co-defendant Naresh Patel, one of the high-ranking members of the conspiracy, and that Naresh Patel entrusted the defendant with substantial sums of money, consisting of the proceeds

of alien smuggling, while he was himself imprisoned. Thus, the defendant has access to fraudulent documents, as well as cash, which greatly increases the risk of flight and non-appearance at future proceedings.

(b) The weight of the evidence favors detention. The evidence set forth in the complaint includes, but is not limited to, statements made by a confidential informant, as well as evidence taken from monitored phone calls made among co-defendant Naresh Patel, this defendant, and certain other co-defendants. The evidence helps establish that defendant Verma was the girlfriend of Naresh Patel and was involved with the alien-smuggling conspiracy by serving as the "safe keeper" of the proceeds of the conspiracy. The strength of this evidence shows that she is a risk of flight.

(c) As to the history and characteristics of the defendant, the Court takes judicial notice of the report prepared by the Office of Pretrial Services ("Pretrial"). The Pretrial report indicates that the defendant is currently employed. The defendant's husband, Kamal Sharpe, is willing to serve as a third-party custodian, and the defendant has expressed a willingness to secure a bond with an automobile. The report further notes, however, that apart from Mr. Sharpe, the defendant's parents and siblings all reside in India. The report concludes that several factors present a risk of non-appearance at future proceedings, including: (1) family ties to her country of origin; and (2) the fact that she is currently under removal proceedings. The Court does not find that the history and characteristics of the defendant outweighs the other evidence suggesting that she is a serious risk of flight.

4. Having evaluated the aforementioned factors, in light of the Pretrial report and other evidence, the evidence presented before this Court establishes by a preponderance of the evidence that the defendant poses a serious risk of flight, such that no condition or set of conditions will reasonably assure her appearance at future proceedings, as required.

5. The findings of this Court are without prejudice to the defendant's right to address the issue of bond before the U.S. District Court in the Middle District of Pennsylvania.

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3142(e), that the defendant shall remain in the custody of the United States Marshal until further order of this Court or the Court in the Middle District of Pennsylvania; and

IT IS FURTHER ORDERED that the defendant shall be transported to the Middle District of Pennsylvania in the custody of the United States Marshal, forthwith, to face the pending charges there.

ENTER:

NAN R. NOLAN
United States Magistrate Judge

DATED: December 14, 2007.